MARINETTE KNITTING MILLS, A CORPORATION, RE-
SPONDENT, v. LOUIS ROSENTHAL, APPELLANT.

. Argued May 20, 1925—Decided October 19, 1925.   .

1. The sale, at an agreed price, and the delivery of the merchandise
   for which suit was brought, being admitted in the pleadings and
   at the trial, and the counter-claim (not proved as to damages)
   being abandoned by the defendant by taking a voluntary non-
   suit thereon, without more, justifies a direction of a verdict for
   the plaintiff.
2. A judgment entered upon a directed verdict and brought up for
   review will be affirmed if correct on any legal ground, although
   the reason advanced by the court below is erroneous.
3. In an action for the purchase price of goods sold and delivered,
   if the defendant wishes to set up as a defense rescission because
   of plaintiff's breach of warranty, his answer must specially state
   such defense because it is consistent with the truth of the
   material allegations of the complaint, and would raise an issue
   not arising out of the complaint.
4. In an action for the purchase price of goods sold and delivered,
   where the buyer adopts the remedy permitted by subdivision
   (b) of section 69 of the Sales act (*Comp. Stat., p.* 4663) by
   maintaining an action (by way of counter-claim) against the
   seller for damages for the breach of warranty, and at the trial
   abandons the counter-claim by taking a voluntary nonsuit
   thereon, without more, a reviewing court will not amend the de-
   fendant's pleadings by alleging a rescission by reason of a breach
   of warranty for the purpose of reversing the plaintiff's judg-
   ment.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Joseph B. Perskie.*

For the respondent, *S. Paul Ridgway* and *George A. Bour-
geois.*

The opinion of the court was delivered by

TRENCHARD, J.   This suit was brought by a manufac-
turer to recover from a retailer the purchase price of mer-
chandise, consisting mainly of wearing apparel. The sale,
at the price claimed, and the delivery of the merchandise,

were admitted in the answer and at the trial. The sole defense attempted was asserted only by way of a counter-claim for damages for the alleged breach of what was claimed to be a warranty that the merchandise was "exclusive," *i. e.,* not on sale elsewhere in Atlantic City. At the trial the defendant failed to prove any damages under his counter-claim, and abandoned it by taking a voluntary nonsuit on such counter-claim. Without more, the trial judge then directed a verdict for the amount of the plaintiff's claim, and the judgment entered thereon is here for review.

The defendant's sole ground of appeal is that the trial judge erred in directing a verdict in favor of the plaintiff.

We think that contention is without merit.

As we have pointed out the sale at an agreed price, and the delivery of the merchandise for which suit was brought, were admitted, and the counter-claim (not proved as to damages), was abandoned by taking a voluntary nonsuit thereon, and in such case a direction of a verdict for the plaintiff was proper.

The appellant seems to contend that the trial judge did not direct the verdict for that reason, but rather for other reasons, which were wrong. It is by no means clear that this contention is well founded either in fact or in law. But, however that may be, it is a sufficient answer to say that a judgment entered upon a directed verdict and brought up for review will be affirmed if correct on any legal ground, although the reason advanced by the court below is erroneous. *Gillespie* v. *J. W. Ferguson Co.,* 78 *N. J. L.* 470; *McCrory* v. *Braunstein,* 99 *N. J. L.* 166.

The appellant, however, further contends that, even so, this court should now amend the defendant's pleadings, by alleging rescission by reason of a breach of warranty for the purpose of reversing the judgment.

But that we cannot do. In an action such as this for the purchase price of goods sold and delivered, if a defendant wishes to set up as a defense rescission because of plaintiff's breach of warranty, his answer must specially state such defense, because it is consistent with the truth of the material

allegations of the complaint, and would raise an issue not arising out of the complaint. Practice act 1912 (*Pamph. L., p.* 391) *rule* 40; *A. & F. Brown Co.* v. *C. Pardee Works,* 88 *N. J. L.* 346. That the defendant did not do. He answered admitting the sale, at the price claimed, and the delivery of the goods, and added only a denial that he owed the money. It is true that in his counter-claim he alleged breach of a warranty of exclusiveness and claimed $5,000 damages through loss of business, but this was by way of counter-claim only, which he abandoned at the trial by taking a voluntary nonsuit thereon.

Of course, if there was a warranty and a breach thereof by the seller, the buyer could accept the goods and maintain an action against the seller for damages for the breach of warranty, as permitted by subdivision (b) of section 69 of the Sales act (*Comp. Stat., p.* 4663), a remedy which formerly was the subject of a cross-action, but now available by way of counter-claim under section 105 of the Practice act. *Pamph. L.* 1903, *p.* 568. This remedy was the one the defendant saw fit to adopt, and it is inconsistent with the claim of a rescission of the contract. Having adopted that remedy, and having abandoned it at the trial by taking a voluntary nonsuit thereon, after failure to prove damages, this court will not amend defendant's pleadings, by setting up rescission by reason of a breach of warranty, for the purpose of reversing the judgment.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ.  14.

*For reversal*—None.